## WILLIAM COVINGTON v. THE STATE.

*No. 3310.   Decided November 27.*

1. **Betting on an Election—Interpretation of the Codes.**—Article 371 of the Penal Code provides as follows:   " If any person shall, whether before or after the happening of any public election, held within this State, wager or bet in any manner whatever upon the result of any such election," etc.   Construing this statute the court holds that it applies only to elections in this State, and can not be extended to embrace wagers upon elections held in another or the other States of the Union.

2. **Same.**—The wager in this case was that Cleveland and not Harrison would be elected President of the United States on the 6th day of November, 1888.   Construed as a whole, the statement of facts shows that the wager was upon the result of the elections held in the several States of the Union for President.   *Held,* that such proof not only does not support the charge in the indictment, but it does not show a violation of the law of this State.

APPEAL from the County Court of Smith.   Tried below before Hon. B. B. Beaird, County Judge.

The opinion states the case.   A fine of $25 was the penalty assessed by the verdict.

*D. Y. Gaines,* for appellant.

W. L. *Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—It is charged in the indictment that the defendant on or about the 1st day of November, A. D. 1888, in Smith County, Texas, did unlawfully wager and bet with one C. L. Caspary upon the result of a public election to be thereafter held in said State for the purpose of electing public officers under the authority of the Constitution and laws of the United States and said State of Texas, to-wit, said public election to be thereafter held on the 6th day of November, A. D. 1888.

It was proved on the trial that on the 7th day of November, 1888, in said Smith County, the defendant wagered or bet with C. L. Caspary that Cleveland and not Harrison would be elected the next President of the United States—that is, it was agreed between them that if Cleveland was elected President of the United States, Caspary would give the defendant fifty dollars, but if Harrison was elected to said office, the defendant would give Caspary a certain saddle. After the determination of the fact that Harrison was elected President, the saddle which defendant staked was delivered to Caspary. It is recited in the statement of facts before us that "the bet was upon the result of the last presidential election held the 6th day of November, 1888, in Smith County, and in the State of Texas, for the purpose of electing public officers," etc. We can not reconcile this last quoted statement with the other facts proved, and we are forced to the conclusion that it does not mean what it imports—that is, that the wager was upon the result of the election in this State alone. Such meaning is contradicted by the terms of the wager as proved, and by the payment of the wager by the defendant, when, if the wager had been upon the result of the election held in this State, defendant would have been the winner, instead of the loser. Considering the statement of facts as a whole, we think it is manifest therefrom that the wager was not upon the result of the election held in this State November 6, 1888, but was upon the result of the elections held in the several States of the United States for President. The election held in Texas November 6, 1888, did not and could not determine the contest between Cleveland and Harrison for the presidency. That contest could only be, and was determined, by the result of elections held in each of the several States of the Union, or rather by the votes of the electors elected at said elections.

Article 371 of our Penal Code provides as follows: "If any person shall, whether before or after the happening of any public election, held within this State, wager or bet, in any manner whatever, upon the result of any such election," etc.

It will be observed that the election must be one *held within this State*, and that the wager or bet must be upon the result of *such election*. It can not be a violation of this law to wager or bet upon the result of an election held in another State, or upon the result of elections held in the

:several States of the United States.    As we construe the article quoted,
the wager or bet made between the defendant and Caspary is not embraced
within the inhibition of said article, because said wager or bet was not
upon the result of an election held, or to be held, *within this State.*

Other States have penal statutes relating to wagering or betting on
elections, but we have found no statute precisely the same as ours.    We
have found none which restricts the offense to an election held within
the State.    Our determination of this case is controlled by the plain,
unequivocal terms of our statute.    We are not at liberty to extend its
meaning and operation beyond those terms.    It matters not what may be
the common law, or the statutes and decisions of other States upon this
subject, we must be guided by the statute of this State.

We hold therefore that the evidence in this case does not conform to
and support the indictment; and further, that the facts proved do not
show any violation of the law of this State.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.