## N. W. McCLESKEY, O. P. RUTLEDGE AND MARK MARTIN v. THE STATE.

### No. 6727.  Decided June 6, 1923.

**Betting on Election—Insufficiency of the Evidence.**

Where, upon trial of betting on a primary election, under Article 586, P. C., there was an entire absence of evidence that there was a primary election, held or called for, upon the date alleged in the information, etc., it is *held*, without passing upon the legal sufficiency of the information, that the evidence does not support the conviction.

Appeal from the County Court of Floyd. Tried below before the Honorable W. B. Clark.

Appeal from a conviction of betting on a public election; penalty, a fine of $30.

The opinion states the case.

*Williams & Martin,* for appellants.

*R. G. Storey,* Assistant Attorney General for the State.

MORROW, PRESIDING JUDGE.—It is charged in the information that on the 15th day of June, 1920, appellants did then and there:

"* * * bet and wager * * * upon the result of a public election, said public election known as the Democratic primary election which was thereafter, to-wit: On the 24th day of July, 1920, to be legally held in said county and State as authorized by law, said primary election was called and held by authority of the Democratic Party at all the voting precincts in said county and State for the purpose of nominating the candidates of such political party for the public to be filled by an election thereafter to be held under authority of law on the second day of November, 1920, for the purpose of elect-

ing public officers under the authority of the Constitution and laws of the State of Texas, and before said primary election was held, to-wit: on or about the 15th day of June, 1920, in said State and county, the said N. W. McCleskey did unlawfully bet and wager with the said O. P. Rutledge and Mark Martin, and the said O. P. Rutledge and Mark Martin did unlawfully bet and wager with the said N. W. McCleskey upon the result of said primary election which was afterwards legally held on the 24th day of July, 1920, as called to be held as aforesaid, the said bet and wager made as aforesaid was upon the result of said primary election aforesaid as to who would receive the nomination for Governor of the State of Texas, against the peace and dignity of the State."

The entire statement of facts is reproduced:

"James K. Green, witness for the State, testified as follows:

I am acquainted with N. W. McCleskey, O. P. Rutledge and Mark Martin; on or about the 15th day of June, 1920, in the County of Floyd, and State of Texas, I witnessed a bet between N. W. McCleskey, O. P. Rutledge and Mark Martin, as follows: N. W. McCleskey bet the said Rutledge and Martin $100.00 on the result of the State Democratic primary election to be held on the 24th day of. July, 1920; that McCleskey bet that Bailey would receive the nomination for Governor of Texas, and that Rutledge and Martin bet that he would not receive the nomination for Governor of Texas."

The Assistant Attorney General concedes that there are not sufficient facts proved to support the conviction. Under Article 586 of the Penal Code, it is made an offense to bet upon the result of "any public election, held under authority of law *within any election precinct of this State.*"

There is an entire absence of evidence that there was a primary election held or called for upon the date referred to in the information or at the time that the bet is alleged to have been made. There is no proof that an election had been ordered in any county or precinct. See Rich v. State, 42 S. W. Rep. 291; Covington v. State, 14 S. W. Rep. 126. There is an absence of proof that there was a primary election held and that it was legally held; nor is there proof that the parties named in the statement of facts were candidates for the nomination. We do not understand that this court in a criminal prosecution would be authorized to take judicial notice of the calling and holding of a primary election, the manner in which it was held, the candidates before it or its result.

Without passing upon the legal sufficiency of the information, we express the opinion that the Assistant Attorney General is correct in his conclusion that the evidence is too meagre to establish the averments.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*